Filed 12/8/15  P. v. Buckins CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARRELL EDWARD BUCKINS,<br><br>    Defendant and Appellant. | H042009<br>(Santa Clara County<br>Super. Ct. No. CC199875) |

Appellant Darrell Edward Buckins appeals from on order denying his Proposition 47 petition for designation of his Vehicle Code section 10851 conviction as a misdemeanor.  On appeal, appellant contends that the trial court erred in finding him ineligible for Proposition 47 relief.

## BACKGROUND

An information, filed on June 7, 2001, charged appellant with theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)).  Appellant pleaded no contest to that charge on July 30, 2001.  The trial court suspended imposition of sentence and placed appellant on probation, but appellant violated the terms of his probation.  On July 24, 2003, the trial court sentenced appellant to 16 months in prison.

On December 4, 2014, appellant filed a Proposition 47 petition for designation of his conviction as a misdemeanor (Pen. Code, § 1170.18, subd. (f)).  The trial court denied the petition on February 3, 2015.  In denying the petition, the trial court stated that

appellant was ineligible for the requested relief because "Proposition 47 does not affect convictions under Vehicle Code section 10851."

## DISCUSSION

Appellant contends that the trial court erred in finding him ineligible for Proposition 47 relief. His argument is twofold. He first asserts that Proposition 47 "is properly construed as providing for a misdemeanor sentence on a violation of Vehicle Code section 10851 where the value of the vehicle does not exceed $950." He next asserts that it violates equal protection principles to deny misdemeanor designation to a Vehicle Code section 10851 conviction involving "a vehicle costing less than $950." As explained below, we must affirm.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47. Penal Code section 490.2 provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

Penal Code section 1170.18, which was also added by Proposition 47, "provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' [Citation.]" (*Rivera, supra,* 233 Cal.App.4th at p. 1093.) As relevant here, Penal Code section 1170.18 provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea,

2

of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Pen. Code, § 1170.18, subd. (f).)

"As an ordinary proposition: 'A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' [Citations.]" (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Thus, a petitioner seeking Proposition 47 relief "must establish his or her eligibility" for such relief. (*Id.* at p. 878.) The petitioner has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Here, appellant's entire argument is premised on the assumption that the vehicle involved in his offense was valued at $950 or less. He presented no facts or evidence in his Proposition 47 petition, however, to show that the vehicle was worth $950 or less.

3

Nor does the record of appellant's conviction contain any evidence showing that the vehicle was valued at $950 or less. Given that nothing in the record before us shows that the vehicle was worth $950 or less, appellant has failed to demonstrate error, and we must affirm.

Appellant contends that "[a]s a matter of due process" the trial court's order "may not be upheld on appeal based on the absence of evidence" regarding the vehicle's value. He asserts that we are precluded from affirming based on such an absence of evidence because it would violate his due process "right to be heard." Appellant's argument is unavailing. Although appellant correctly points out that there "was no evidentiary hearing" on the issue of value, he nonetheless had an opportunity to be heard on the issue of value. His Proposition 47 petition could have contained facts and evidence pertaining to the value of the vehicle, but the petition was devoid of any such facts or evidence. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a "proper petition could certainly contain at least" the petitioner's testimony about the stolen item].) Thus, appellant did have an opportunity to be heard on the issue of value, but he did not utilize it. Appellant's due process argument fails.

In sum, because nothing in the record before us shows that the vehicle involved in appellant's offense was worth $950 or less, appellant has failed to demonstrate error, and we must affirm. We will affirm without prejudice. We note that a Proposition 47 petition containing a declaration regarding the value of the vehicle could be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper Proposition 47 petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

4

**DISPOSITION**

The order denying the petition for misdemeanor designation is affirmed without prejudice to subsequent consideration of a petition that demonstrates a vehicle valued at $950 or less.

_____

RUSHING, P.J.

WE CONCUR:



_____

PREMO, J.



_____

MÁRQUEZ, J.

6